**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

————

No. 02-10154
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS RAY DUNKINS, JR.,
also known as Little Doug,

Defendant-Appellant.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-10-3-Y

————————————————————

November 6, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Douglas Ray Dunkins, federal prisoner #22619-077, appeals the district court's order denying

his motion to file an out-of-time appeal. Dunkins argues that, in connection with the its decision to

deny Dunkins' request for relief pursuant to 18 U.S.C. § 3582(c)(2), the district court effectively

resentenced him by determining that he qualified for a two-level gun possession enhancement

*        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 2D1.1(b). Dunkins asserts that this alleged resentencing occurred in his absence, in violation of FED. R. CRIM. P. 43.

Alleged Rule 43 violations involve questions of law that are reviewed de novo. See United States v. Lampton, 158 F.3d 251, 257 (5th Cir. 1998). Our review of the record reveals that, contrary to his assertion, Dunkins was not resentenced and his rights under Rule 43 were therefore never invoked. Accordingly, the district court's judgment is AFFIRMED.

Dunkins has also filed a Motion for Further Relief in which identifies a typographical error in his presentence report (PSR). Dunkins seeks the preparation of a new PSR that not only corrects this error, but also reflects his new base offense level and the fact that his 18 U.S.C. 924(c) conviction has been vacated. Because Dunkins fails to show how the typographical error impacts his sentence, and since he does not demonstrate the necessity for a new PSR, his motion is DENIED.